**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **INTERSTATE NATIONAL DEALER SERVICES, INC. and PROTECTIVE ADMINISTRATIVE SERVICES, INC.,** | § § § § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CASE NO. 6:24-CV-00170-ADA-DTG** |
| | § | |
| **MSRV REPAIR LLC; KENDRA SPRINGMAN; and MICHAEL SPRINGMAN,** | § § § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 30)**

TO:    **THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the plaintiffs', Interstate National Dealer Services, Inc. and Protective Administrative Services, Inc.'s, motion for default judgment (Dkt. No. 30). After carefully considering the briefs and the applicable law, the Court **RECOMMENDS** that the plaintiffs' motion for default judgment be **GRANTED**.

## I.    BACKGROUND

Plaintiffs Interstate National Dealer Services, Inc. and Protective Administrative Services, Inc. sued Defendants MSRV Repair LLC, Kendra Springman, and Michael Springman

for allegedly perpetrating a fraudulent scheme by submitting false claims for vehicle repair services that were never performed. Dkt. No. 1 ¶ 1. After paying the defendants a total of $256,401.83 for fraudulent invoices, the plaintiffs sued the defendants on April 3, 2024, asserting five claims against each defendant. *Id.* The plaintiffs sued each defendant for violating and conspiring to violate 18 U.S.C. § 1962(c) (the Racketeer Influenced and Corrupt Organizations ("RICO") Act) (Counts I and II); common-law fraud (Count III); common-law civil conspiracy (Count IV); and money had and received (Count V). Dkt. No. 1 ¶¶ 38–65.

A licensed process server served Defendant Michael Springman on May 21, 2024. Dkt. No. 10. To date, Mr. Springman has not answered or filed an appearance in this case. Defendant Kendra Springman was served by a licensed process server on June 26, 2024. Ms. Springman filed her answer on July 11, 2024. Dkt. No. 15. The Court, however, stuck her answer as deficient under Rules 8(b) and 11(a) of the Federal Rules of Civil Procedure.[1] Dkt. No. 27. The Court ordered Ms. Springman to file an answer in compliance with the Rules by September 18, 2024. Dkt. No. 27. Ms. Springman has not done so. Ms. Springman also agreed to accept service of process via email on Defendant MSRV Repair's behalf, as the entity's registered agent. Dkt. No. 17-1. On July 19, 2024, the plaintiffs served MSRV Repair via email, but MSRV Repair has not filed an answer. *Id.*

The clerk entered default against Mr. Springman on June 24, 2024. Dkt. No. 13. The clerk then entered default against MSRV Repair on August 13, 2024. Dkt. No. 24. Finally, the clerk finally entered default against Ms. Springman on September 19, 2024. Dkt. No. 29. On October 11, 2024, the plaintiffs moved for a default judgment against each of the defendants.

---

[1] The answer stated only that "I[,] Kendra Springman[,] have read the documents and deny all allegations[.]" Dkt. No. 15.

Dkt. No. 30. Though the defendants have not responded to the plaintiffs' motion, after reviewing the evidentiary record, the Court finds that a hearing is unnecessary.

## II.    ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the plaintiffs' motion for default judgment. Rule 55 sets out a three-step process for obtaining default judgment: (1) the defendants' default, (2) the entry of default, and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After a defendant defaults, the plaintiff must file a motion for entry of default and the clerk enters default. Fed. R. Civ. P. 55(a). Finally, after reviewing the plaintiff's motion for default judgment, the Court may enter a default judgment against the defendant. Fed. R. Civ. P. 55(b). As outline above, all three of the defendants have defaulted and the plaintiff has obtained an entry of default against each. The Court therefore will consider whether a default judgment against the defendants is warranted.

Entry of default judgment is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court will not grant default judgment automatically—the Court must instead analyze whether the plaintiffs' claims are well-pled and substantively meritorious, whether default judgment appears appropriate, and whether the plaintiffs' request relief is proper. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (holding that the plaintiff's complaint was well-pled and substantively meritorious, as required for the district court to enter default judgment against the defendant).

### A.  The plaintiffs' claims are well-pled and substantively meritorious.

The plaintiffs' claims are well-pled for default judgment purposes. The Court may assume the truth of all well-pled allegations in the plaintiffs' complaint because the defaulting defendants have functionally admitted well-pled allegations of fact. *Nishimatsu Contr. Co. v.*

*Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that a defaulting defendant cannot contest on appeal the plaintiff's well-pleaded allegations of fact because the defendant admitted those facts by defaulting). The plaintiffs allege that the Springmans created and used MSRV Repair for years to carry out a fraudulent scheme. Dkt. No. 1 ¶¶ 15–17. Between June 2021 and January 2024, the defendants submitted seventy-eight claims for services that MSRV Repair never performed. Dkt. Nos. 1-1–1-6, 30-2 ¶¶ 2–3. The defendants knowingly and intentionally submitted these false invoices on more than two occasions by email to the plaintiffs' headquarters in Missouri, ultimately inducing the plaintiffs to make credit card and automated clearing house (ACH) payments of $256,401.83 to the defendants. Dkt. Nos. 1 ¶ 18, 21, 36, 30-2 ¶ 2.

To state a claim for a violation of § 1962(c), the plaintiffs must allege conduct or participation of an enterprise through a pattern of racketeering activity. *Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 647 (S.D. Tex. 2016) (citing *Sedima, S.P.R.L. v. lmrex Co., Inc.*, 473 U.S. 479, 496 (1985)). Racketeering activity includes mail or wire fraud. 18 U.S.C. § 1961(1) (defining "racketeering activity"). To establish a RICO conspiracy claim, the plaintiffs must allege that at least two people agreed to commit a substantive RICO offense, and the defendants knew of and agreed to the overall objective of the RICO offense. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010) (listing the elements of a RICO conspiracy claim under § 1962(d) (quoting *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999))). Similarly, under Texas law, to state a claim for civil conspiracy, the plaintiffs must allege that at least two people worked together to accomplish an unlawful purpose, which includes committing RICO violations. *Benhamou*, 190 F. Supp. 3d at 664–65 (finding that the plaintiffs stated a claim for common-law conspiracy where the court already determined that the plaintiffs stated a claim for

a RICO conspiracy). Taking the plaintiffs' factual allegations as true, the Court finds that the plaintiffs' RICO and conspiracy claims are well-pled and substantively meritorious.

The plaintiffs' fraud claim is also substantively meritorious. To state a claim for fraud under Texas law, the plaintiffs must allege that the defendants knowingly or recklessly made a material representation that was false to induce the plaintiffs to act on the representation. *Benhamou*, 190 F. Supp. 3d at 664 (citing *Tilton v. Marshall*, 925 S.W.2d 672, 684 (Tex. 1996)). The plaintiffs must also allege that they acted in reliance on the defendants' representation and were injured as a result. *Id.* The plaintiffs describe with particularity, and attached, the seventy-eight false invoices the defendants made. Dkt. No. 1-1–1-6 (Invoices). The plaintiffs allege that the defendants knew that the invoices were false when made but that the defendants submitted the invoices to the plaintiffs to induce payment. Dkt. No. 1 ¶ 17, 34–35. The plaintiffs also allege that they were unaware that the invoices were false, that they relied on the false invoices, and were injured in the amount of $256,401.83. *Id.* ¶ 1, 36. The Court therefore finds that the plaintiffs' claims are well-pled and substantively meritorious.

Finally, the Court finds that the plaintiffs' money had and received claim is well-pled. A claim for money had and received is an equitable claim that "looks solely to whether the defendant holds money that belongs to the plaintiff." *State Farm Mut. Auto. Ins. Co. v. Misra*, 658 F. Supp. 3d 362, 376 (W.D. Tex. 2023) (holding that a complaint stated a claim for money had and received where the complaint alleged a RICO violation, which induced the plaintiff to pay inflated settlement claims and the defendant received the money (citations omitted)). The plaintiffs have sufficiently alleged that the defendants unjustly obtained $256,401.83 from the plaintiffs. The plaintiffs paid the defendants for the false invoices and the defendants received

money that rightfully belongs to the plaintiffs. The Court therefore finds that the plaintiffs' money had and received claim is well-pled.

**B. Default judgment is appropriate.**

Entry of default judgment is appropriate in this case. The record indicates that the plaintiffs successfully perfected service of process on all three defendants. Yet the defendants have failed to respond to the complaint, the respective motions for entry of default, the clerk's entry of default, or this motion. Seven months have passed since the plaintiffs' filed this motion for default judgment. The defendants' delay does not appear to be caused by any good faith mistake or excusable neglect. When the defendants' failure to respond is "plainly willful, as reflected by [the defendants'] failure to respond either to the summons the complaint, the entry of default, or the motion for default," then grounds for default are clearly established. *See Graham v. Coconut LLC*, No. 4:16-cv-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017). Further, the Court has personal jurisdiction over the defendants because they are all domiciled in Texas. Dkt. No. 1 ¶¶ 4–6. The Court therefore finds that entry of default judgment against the defendants is appropriate.

**C. The plaintiffs' requested relief is proper.**

The plaintiffs' claims and the amount of damages requested are supported by the record. The plaintiffs seek a total of $788,775.77—comprised of $769,205.49 in treble damages, $15,732.50 in attorneys' fees, and $3,837.78 in costs of suit. Dkt. No. 30 at 18. In support of the plaintiffs' damages, the plaintiffs submitted the false invoices and a declaration detailing the $256,401.83 in actual damages incurred by the plaintiffs. Dkt. Nos. 1-1–1-6 (Invoices); Dkt. No. 30-2 (Exhibit B, Lanier Decl.). The plaintiffs further attached the Declaration of Carlos R.

Soltero, which details the $15,732.50 in attorneys' fees and $3,837.78 in court costs incurred. Dkt. No. 30-1 (Exhibit A).

The Court finds that the plaintiffs' requested relief is proper. Treble damages, reasonable attorneys' fees, and other costs of suit are recoverable under 18 U.S.C. § 1964(c) for RICO offenses. *See* 18 U.S.C. § 1964(c) (allowing any person injured from a violation of § 1962 to recover threefold the damages he sustains and the cost of the suit, including attorneys' fees); *see also Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. C-09-312, 2011 WL 2160928, at * 21 (S.D. Tex. May 27, 2011) (collecting cases finding that the prevailing party under RICO could recover reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone usage).

The plaintiffs' requested attorneys' fees are reasonable. Courts in the Fifth Circuit calculate the lodestar, which is the product of the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly billing rate. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Mr. Soltero, one of three attorneys for the plaintiffs, detailed the forty-nine hours spent preparing this case. *See generally* Dkt. No. 30-1. The attorneys' hourly rates ranged from $400 to $120 per hour. The Court finds that the requested lodestar amount of $15,732.50 is reasonable. Further, the plaintiffs' requested treble damages should be imposed jointly and severally against all three of the defendants. *See Cartwright v. Ghattas*, No. A-09-CA-408-SS, 2010 WL 11506415, at *4 n.6 (W.D. Tex. Mar. 16, 2010) (collecting circuit court cases requiring the imposition of joint and several liability for RICO offenses). The plaintiffs have provided ample evidence to support their claimed damages.

### III.    CONCLUSION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the plaintiffs' motion for default judgment (Dkt. No. 30) be **GRANTED** and judgment be entered in favor of the plaintiffs for $769,205.49 in treble damages, $15,732.50 in attorneys' fees, and $3,837.78 in costs of suit.

### IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED** this 20th day of June, 2025.


DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE